UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONDY PHELPS, APRIL MOBLEY, and CINDY CAREY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 1:11-CV-23 SNLJ ) |
| DOUGLAS W. GRESHAM and CLARK E. GRESHAM, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (#16), filed March 31, 2011. Defendant filed a response (#18), and plaintiffs filed a reply (#20).

This cause of action was originally filed on January 21, 2011, in the Circuit Court of Carter County, Missouri, and was subsequently removed by defendant Clark E. Gresham to this court on February 10, 2011 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant Clark E. Gresham asserted in the notice of removal that because he is the only living defendant in the action, complete diversity of citizenship exists, and the cause of action is properly removed to the United States District Court for the Eastern District of Missouri, Southeastern Division.

Three plaintiffs named two defendants in the complaint. Plaintiffs are each citizens of Missouri. Although named defendant Douglas W. Gresham was a citizen of Missouri, he died on December 29, 2010, leaving defendant Clark E. Gresham — an Illinois citizen — as the only defendant. Defendant Clark Gresham moved to substitute himself for Douglas Gresham on February 10, 2011 (#4). Plaintiffs did not file a response opposing the substitution, and the motion was granted on February 22, 2011 (#10).

Plaintiffs filed an Application for Letters of Administration pursuant to §§ 473.020 and 537.020 RSMo on March 21, 2011. Plaintiffs contend that, on May 11, 2011, the Probate Division of the Circuit Court of Cape Girardeau County will appoint the Cape Girardeau Public Administrator as the Personal Representative for Douglas Gresham's estate, that the Personal Representative will be properly substituted for Douglas Gresham, and that because the legal representative of an estate of a decedent is considered a citizen of the same state as the decedent, 28 U.S.C. § 1332(c)(2), diversity of the parties will not exist. Thus, plaintiffs argue that this Court will be without subject matter jurisdiction and should remand the case to the Circuit Court of Carter County.

Subject matter jurisdiction based on diversity of citizenship is to be determined at the time the case is filed. *See Blakemore v. Missouri Pacific R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986); *see also Van Beek v. Ninkov*, 265 F. Supp. 2d 1037, 1041 (N.D. Iowa 2003) ("[W]hether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed"). Because Douglas Gresham was deceased at the time of the filing of the complaint, his being named as a defendant is a nullity. Therefore, this is not a case in which a named party defendant was alive at the time the case was filed and later died, thus triggering the rule for substitution of parties. As a result, because all the plaintiffs are Missouri citizens, and the only defendant currently in the case is an Illinois citizen, complete diversity of the parties exists at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's February 22, 2011 Order of Substitution (#10) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's March 31, 2011 Motion to Remand (#16) is **DENIED**.

Dated this  26th  day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE